UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE:<br><br>Juan R. Pimentel | CHAPTER 13<br>CASE NO. 08-12960-ANV |

MEMORANDUM IN SUPPORT OF OBJECTION TO DEBTOR'S MOTION TO MODIFY
SECURED CLAIM AND CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Now comes, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis

Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3

(hereinafter "Deutsche Bank") and respectfully requests that this court deny the Debtor's Motion

to Modify Secured claim and deny confirmation of the Debtor's Second Amended Chapter 13

Plan. Deutsche Bank files this Memorandum in support of its Objection.


STATEMENT OF FACTS


Deutsche Bank is the holder of a first mortgage on the Debtor's property, a three-family

dwelling located at 158-160 Briggs Street, Providence, RI 02905. Deutsche Bank, through its

servicing agent, Countrywide Home Loans, Inc. n/k/a BAC Home Loans Servicing, LP, filed a

timely Proof of Claim (Claim No. 3) on November 12, 2008 claiming a total mortgage debt of

$276,516.40 and pre-petition mortgage arrears of $24,229.88.

The mortgage secures an adjustable rate promissory note (the "note") which provides for

an initial interest rate of 7.625%. The mortgage and applicable riders, note and assignment of

mortgage are attached hereto as Exhibit A. Pursuant to the terms of the note, the interest rate

changes on March 1, 2007 and on the first day of the month every six months thereafter. The

note provides for a cap on the interest rate of 13.625%. The loan is escrowed for taxes and

In Re: Juan R. Pimentel
Case No. 08-12960
CHAPTER 13

insurance.  The interest rate was 9.75% at the date of the filing of the bankruptcy petition.

On May 26, 2009 the Debtor filed a Second Amended Chapter 13 Plan and Motion to Modify Secured Claim (Docket No. 54) which amended the debtor's original plan filed on October 8, 2008 (Docket No. 10).  The plan attempts to bifurcate Deutsche Bank's secured claim by reducing the principal balance of the mortgage to $95,000.00 less the pre-petition arrearage  The plan proposes to retire the debt by making $2,600.00 monthly payments until the "entire pre-petition arrearage and the payments due to the mortgagee post-petition have been paid in full…".  The Motion to Modify however seeks to "[m]odify the secured claim to allow Debtor to maintain the mortgage for the entire term of the mortgage…".  The maturity date of the note is March 1, 2035.  It is unclear whether the Debtor plans to pay the secured claim in full through the plan at the contractual rate of interest or if  the  Debtor intends to cure the arrears and maintain payments.  Deutsche Bank is filing a Motion to Clarify in regards to these inconsistencies. Deutsche Bank, through its servicing agent, Countrywide Home Loans, Inc. n/k/a BAC Home Loans Servicing, LP, filed a timely objection (Docket No. 60) to the Debtor's Amended Plan on June 12, 2009.


ISSUES


1.  Whether the Debtor can allocate the pre-petition mortgage arrears to the value of the secured claim established by the court under 11 U.S.C. §506 and reamortize post-petition payments if the Debtor is extending the repayment of the allowed secured claim beyond the term of the Chapter 13 Plan.

2

In Re: Juan R. Pimentel
Case No. 08-12960
CHAPTER 13

2.  Whether the proper date to establish value under 11 U.S.C. §506 is the date the bankruptcy petition is filed or the date of the confirmation hearing.

3.  Whether the Debtor's Amended Chapter 13 Plan, as drafted, is feasible.

<u>ARGUMENT</u>

I.      THE DEBTOR CAN NOT ALLOCATE THE ENTIRE PRE-PETITION MORTGAGE ARREARS TO THE VALUE OF THE ALLOWED SECURED CLAIM ESTABLISHED BY THE COURT UNDER 11 U.S.C. §506(a) AND REAMORTIZE POST-PETITION PAYMENTS IF THE DEBTOR SEEKS TO EXTEND REPAYMENT BEYOND THE TERM OF THE CHAPTER 13 PLAN

The Debtor's Second Amended Chapter 13 Plan attempts to bifurcate Deutsche Bank's claim into a secured claim of $95,000.00, the purported value of the property, and an unsecured claim as to the $181,516.40 balance of the mortgage.  The Debtor's Motion to Modify secured claim lists the value as $117,000.00 and requests that the Debtor be allowed to maintain the mortgage by reamortizing the payments extending repayment for the entire term of the mortgage.  Additionally, the Motion to Modify requests that the secured claim be limited to the value of the property less the arrears and secured claims.  It is Deutsche Bank's position that the debtor must cure the entire pre-petition arrears in full in order to utilize 11 U.S.C. §1322(b)(5) and extend repayment of the bifurcated claim beyond the five-year term of the Plan.

3

In Re: Juan R. Pimentel
Case No. 08-12960
CHAPTER 13

The issue of whether the Debtor can change the contractual monthly payments after bifurcation is currently under advisement with this court in the case of Anibal Nunez, et al. (Case No. 08-13265).  There is a status check scheduled for July 20, 2009.  This issue was briefed by both undersigned counsel and Debtor's counsel and Deutsche Bank adopts the arguments raised by Deutsche Bank National Trust Company, as Trustee for Sound View Home Loan Trust 2006-3 in the *Nunez* case.

An itemization of the pre-petition arrears owed to Deutsche Bank is as follows;

Itemized statement of pre-petition arrearage

| | | |
|---|---|---|
| 2 payments at $2,530.05 | $ | 15,103.30 |
| 6 payments at $2,345.52 | $ | 16,553.94 |
| Accrued Late Fees | $ | 150.08 |
| Legal Fees and Costs | $ | 3,056.76 |
| Property Inspections/Preservation | $ | 207.50 |
| Escrow Shortage | $ | 1,682.31 |
| **TOTAL** | **$** | **24,229.88** |

The court in  *In re Brown*, 175 B.R. 129 (Bankr.D.Mass.1994), quoting Judge Keith M. Lundin's treatise, *Chapter 13 Bankruptcy*, §4.55 at 4-103 (Wiley 1994), stated as follows;

> "The allowed amount of the secured portion of the mortgage claim after splitting under §506 (a) remains the maximum amount that the mortgage holder is entitled to recover on account of the payments by the debtor, including the arrearage payments. When the sum of the principal portion of the regular monthly payments and the *principal portion of the arrearage payments* (emphasis added) totals the allowed amount of the secured portion of the claim, the secured claim will be paid in full."

*Brown*, at 134.  It is clear that the portion of the pre-petition arrearage claim which is attributable

to principal is the only amount that may be appropriately applied to the allowed secured claim

after bifurcation.[1]   The accrued interest, late charges, accrued attorneys fees and costs,

property inspections, as well as the escrow shortage, all of which are a component of Deutsche

Bank's pre-petition arrearage claim, should not be allocated to the allowed secured claim.   In

fact, to do so would bestow a windfall on the Debtor for failing to make eight months of mortgage

payments prior to filing his bankruptcy petition.   A similar situation was addressed in the case of

*In re Cole*, 122 B.R. 943 (Bankr.E.D.Pa.1991).   Citing *In re Hyden* 112 B.R. 431

(Bankr.W.D.Okla.1990), the court in *Cole* noted;

> "[a] debtor who has made all or most of the pre-petition payments due under a
> long-term obligation should not be placed in a worse position than a debtor who
> has missed all or most of the pre-petition payments simply *because* the
> payments were made.  If we followed the Debtor's suggestion that her mortgage
> can be reamortized to account for its secured and unsecured portions, we *would*
> be rewarding her simply because she has a poor payment record.  The mortgage
> balance and hence the unsecured portion of the Mortgagee's claim is increased
> solely because of the Debtor's failure to make payments"

*Cole*, at 951.

Furthermore, there is an established line of cases holding that a claim for pre-petition

mortgage arrears is separate from the secured claim established by bifurcation under 11 U.S.C.

§506(a).   These cases found §506(a) to be inapplicable to a claim of mortgage arrears and

instead held that the "secured claim" established under §506(a) refers only to the principal

balance due on the underlying mortgage.    *Sapos v. Provident Institution of Savings*, 967 F.2d

918, 927-928 (3d Cir.1992) (specific holding permitting modification of mortgage reversed by

---

[1]   See also *In re Zablonski*, 153 B.R. 604, 605 (Bankr.D.Mass.1993) ("The Debtors may obtain a discharge
of the mortgage when their postfiling monthly payments of $1,254.00 total $82,000 in principal plus interest

In Re: Juan R. Pimentel
Case No. 08-12960
CHAPTER 13

*Nobelman v. American Sav. Bank*, 508 U.S. 324 (1993)); *In re Vitelli*, 93 B.R. 889 (Bankr.E.D.Pa.1988); *In re Cole*, 122 B.R. 943 (Bankr.E.D.Pa.1991); *In re Richards,* 151 B.R. 8 (Bankr.D.Mass.1993) (specific holding permitting modification of mortgage reversed by *Nobelman*).  As such, the claim of Deutsche Bank should be value at no less than $117,000.00 which is the Debtor's original estimate as to the fair market value of the property, less any secured claims for taxes.  The portion of the pre-petition arrears which is attributable to principal may be properly allocated against the $117,000.00 claim.  As the debtor is proposing to reduce the secured claim to $95,000.00 less the pre-petition arrears of $24,229.88, the majority of which is interest and fees, confirmation should be denied.

II.    IN THE CONTEXT OF THE BIFURCATION OF A SECURED CLAIM, THE PETITION

DATE, NOT THE DATE OF CONFIRMATION, IS THE APPROPRIATE DATE TO

DETERMINE VALUE UNDER 11 U.S.C. §506

On January 5, 2009 the Debtor filed a Motion to Modify Secured Claim which included an appraisal dated September 26, 2008 in the amount of $117,000.00 (Docket No. 25).  The Debtor's bankruptcy petition was filed on September 24, 2008.  While Deutsche Bank did not dispute the debtor's appraisal, it did, through its servicing agent, file an objection to the Motion to Modify Secured Claim as the Debtor was unilaterally proposing to set the interest rate at 6.5%, sought to reamortize the post-petition mortgage payments, and requested that the Order of Modification be recorded with the Providence Records of Land Evidence prior to the Debtor

in accordance with the amortization schedule under the note applicable to the payments due postpetition")

6

obtaining his Chapter 13 discharge (Docket No. 31).  The Debtor's Chapter 13 Plan was denied

confirmation on January 28, 2009 (Docket No. 32).

On May 26, 2009 the Debtor filed a Second Amended Chapter 13 Plan (Docket No. 54)

after the Debtor's First Amended Chapter 13 Plan was denied confirmation on March 3, 2009

(Docket No. 42).  The Debtor's Second Amended Chapter 13 Plan stated that the value of the

property was $95,000.00 although no evidence of valuation was provided.  Deutsche Bank,

through its servicing agent, filed a timely objection stating, in part, that the Debtor could not

revalue the property as the proper date for determining value is the date the petition is filed and

the debtor had already provided an appraisal dated two days after the filing of his bankruptcy

petition (Docket No. 60).

11 U.S.C. §506(a)(1) states in part;

> An allowed claim of a creditor secured by a lien on property in which the estate
> has an interest…is a secured claim to the extent of the value of such creditor's
> interest in the estate's interest in such property…and is an unsecured claim to the
> extent that the value of such creditor's interest…is less than the amount of such
> allowed claim.  Such value shall be determined in light of the purpose of the
> valuation and of the proposed disposition or use of such property and in
> conjunction with any hearing on such disposition or use or on a plan affecting
> such creditor's interest.

The bankruptcy code does not provide guidance as to the proper time to determine the value of a

claim secured by real property leaving that determination to the courts.  *In re Young*, 390 B.R.

480, 488 (Bankr.D.Me.2008).   11 U.S.C. §506(a)(1) is quite clear, however, in stating that the

allowed claim under that section is a secured claim to the extent of the *creditor's interest in the

estate's interest in the property*.  The estate's interest in the property at issue is established upon

the commencement of the case under 11 U.S.C. §541.  Under 11 U.S.C. §301 a voluntary case,

as this one, is commenced by filing a petition with the bankruptcy court.   As such, it would follow

that Deutsche Bank's interest in the property would be established as of the petition date. *In re Young*, 390 B.R. 480, 488 (Bankr.D.Me.2008); *see also Chase Manhattan Bank USA, NA v. Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004)("If the code provides for neither the confirmation date nor some intermediate time before that date as the proper date for valuation, then the value of the creditor's interest must be determined vis-à-vis the amount of its interest at the institution of the bankruptcy proceedings-i.e., the filing date.)

Additionally, Deutsche Bank had a foreclosure auction scheduled for September 24, 2008 which was cancelled due the filing of the present bankruptcy petition and the operation of the automatic stay under 11 U.S.C. §362.  It is quite probable that Deutsche Bank would have realized more upon the sale of the property in September of 2008 than it would of if the mortgage were foreclosed on today.  However, as the automatic stay is effective as of the petition date, Deutsche Bank was prevented from enforcing its lien at a time when property values were higher.  The court in *Stembridge* addressed this issue through an analysis of the bankruptcy code's protection of depreciation via the adequate protection provisions of 11 U.S.C. §361 which provides that the trustee may make payments "…to the extent that the stay under section 362 of this title…results in a decrease in the value of such entity's interest in such property".  In analyzing §§361 and 362, the court stated;

> Therefore, the code specifically ensures the protection of a secured creditor's assets against any decrease in value from the beginning of the automatic stay, and, because the stay is instituted the moment the petition is filed, the protection from depreciation also begins at that moment.  This is the tradeoff the automatic stay creates for creditors and debtors: creditors are prevented from seizing their secured assets in order to provide debtors with "breathing room" to reorganize; in return, the creditors' present value is preserved throughout the reorganization through adequate protection (and priority of its claim). It follows that this protection extends to the debtor's proposed plan itself.

*Chase Manhattan Bank USA, NA v. Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004).

As Deutsche Bank's interest is not adequately protected as it is undersecured and

payments are not being, it would be more appropriate to protect its interest in the collateral by valuing the property as of the petition date.  To allow the Debtor to establish a lower valuation in an amended plan filed eight months after the commencement of the bankruptcy proceedings provides no protection to Deutsche Bank's interest in what is clearly a depreciating asset.  The court in *In re Phillips,* 142 B.R. 15, 16-17 (Bankr.D.N.H. 1992) addressed such an issue in the context of a motor vehicle and stated;

> With respect to the date of valuation, the Court rules that that date will be the date of the filing of the chapter 13 petition.  *In re Van Nort*, 9 B.R. 218 (Bankr.E.D.Mich.1981); *contra In re Chapman*, 135 B.R. 11 (Bankr.M.D.Penn.1990). The Court so rules because of the foreseeable delay in formulating a plan and then getting that plan confirmed.   This foreseeable delay is more within the control of the debtor than the secured party and therefore the secured party should not be forced to bear the risk of delay the law may require in getting the matter to hearing and determination.

Payment of Deutsche Bank's claim has been delayed due to the Debtor's inability to have his Chapter 13 Plan confirmed.  The Debtor has filed three plans, two of which have been denied confirmation.  The Debtor's bankruptcy petition was filed eleven months ago and in that amount of time no payments have been made to Deutsche Bank.  It is clearly the burden of the debtor to formulate a confirmable chapter 13 plan and Deutsche Bank's claim should not be furthered impaired by allowing the debtor to revalue the property in a declining real estate market.

While Deutsche Bank is aware of the order this court issued in *In re Martinez* (Case No. 08-12139) regarding a similar Motion to Modify Secured Claim, the facts of this case are distinguishable in that Deutsche Bank did not dispute debtor's value as can be seen by a review of the docket notes from the hearing on January 28, 2009 ("Attorney Ennis states parties have reached an agreement on value of property").   At no time was counsel for Deutsche Bank presented  with  a  subsequent appraisal  with  a  lower  valuation a n d  furthermore,  counsel

questions the dates of the most recent appraisals the Debtor is using to establish value.  While

there is a basis for requesting valuation to be determined on the grounds of estoppel, Deutsche

Bank respectfully requests that this court reconsider its decision in *Martinez* based on the

arguments presented.        Therefore, Deutsche Bank requests that the court value the

property using the original appraisal of $117,000.00 as it is closest in time to the filing of the

Debtor's petition.


III.    THE DEBTORS' CHAPTER 13 PLAN IS NOT FEASIBLE IN THAT THE MONTHLY

PAYMENTS ARE INSUFFICIENT TO EFFECTUATE ITS PROVISIONS


The Debtor's Second Amended Chapter 13 Plan provides for monthly payments of $2,600

for five years.  If the Debtor plans to pay, within sixty months, the entire allowed secured claim of

Deutsche Bank in the proposed amount of $117,000 at the contractual rate of interest, which

was 9.75% at the filing of the bankruptcy petition, the trustee would need to distribute $3,260.73

per month to Deutsche Bank.  This amount is comprised of a principal and interest payment of

$2,471.51 and the current escrow payment of $789.19.  The loan is escrowed for taxes and

insurance and the monthly escrow payment consists of the required contribution of $450.43, a

shortage payment of $263.99 as the debtor has made no post-petition payments to Deutsche

Bank and there have been post-petition advances for taxes and insurance, and a required

reserve of $74.77.  Even if the escrow shortage portion is removed assuming sufficient

payments have come in, the debtor would still be required to pay $2,996.74 per month on

account of this claim.  The debtor's proposed contribution of $2,600.00 is insufficient to pay the

trustee's commission, priority claims, a dividend on unsecured claims, and the entire amount of

Deutsche Bank's allowed secured claim.  As such, the Debtor's Chapter 13 Plan is not

sufficiently funded and confirmation should be denied.


<u>CONCLUSION</u>


Wherefore, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real

Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3

respectfully requests that this court deny the Debtor's Motion to Modify Secured claim and deny

confirmation of the Debtor's Second Amended Chapter 13 Plan.

Respectfully submitted,

Deutsche Bank National Trust Company as Trustee
for the Holders of Ixis Real Estate Capital Trust
2005-HE3 Mortgage Pass-Through Certificates,
Series 2005-HE3
By its Attorney,


/s/ Kathryn A. Fyans
Kathryn A. Fyans, Esquire
RI # 7360
HARMON LAW OFFICES, P.C.
P.O. Box 610345
Newton Highlands, MA 02461-0345
781-292-3900
617-243-4049 (fax)
ribk@harmonlaw.com

Dated: August 14, 2009

11

In Re: Juan R. Pimentel
Case No. 08-12960
CHAPTER 13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE: Juan  Pimentel

CHAPTER 13
CASE NO. 08-12960-ANV

CERTIFICATE OF SERVICE

I,  Kathryn  A.  Fyans,  Esquire,  state  that  on August  14,   2009, I electronically filed the foregoing Memorandum of Law with the United States Bankruptcy Court for the District of Rhode Island  using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

Gary L. Donahue, Esquire, Assistant U.S. Trustee
John Boyajian, Esquire, Chapter 13 Trustee
John B. Ennis, Esquire for the Debtor

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

/s/ Kathryn A. Fyans
Kathryn A. Fyans, Esquire
RI# 7360

Juan R. Pimentel
158 Briggs Street
Providence, RI 02905

12