UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| IN RE:<br><br>Juan R. Pimentel | CHAPTER 13<br>CASE NO. 08-12960-ANV |
|---|---|

### MOTION TO CLARIFY TREATMENT OF SECURED CLAIM UNDER DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN

Now comes, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 (hereinafter "Deutsche Bank") and respectfully requests that this court enter an order requiring the debtor to clarify the treatment of Deutsche Bank's secured claim under his Second Amended Chapter 13 Plan. In support thereof, Deutsche Bank states as follows;

1. Deutsche Bank is the holder of the first mortgage on the debtor's property located at 158-160 Briggs Street, Providence, RI 02905 (the "property")

2. The mortgage is in default with a pre-petition arrearage of $24,229.88 and a total debt of $276,516.40 pursuant to its filed proof of claim.

3. On May 26, 2009 the Debtor filed a Second Amended Chapter 13 Plan (the "Plan") and Motion to Modify Secured Claim (Docket No. 54).

4. Paragraph one of the Plan values the property at $95,000.00 however paragraph two of the Motion to Modify lists the value as $117,000.00.

5. Paragraph six of the Motion to Modify states that Deutsche Bank's claim will be treated as a secured claim in the amount of $160,000.00 however paragraph A requests that the court determine that the claim is partially secured in the amount of $117,000.00.

6. It is unclear which value the debtor wishes to use to establish the allowed secured claim of Deutsche Bank under 11 U.S.C. §506.

7. Paragraph two of the Plan states that $2,600.00 will be paid monthly until the entire

pre-petition arrearage and post-petition mortgage payments have been paid in full however paragraph C of the Motion to Modify requests the court to allow the Debtor to maintain the mortgage for the entire term of the mortgage which would be until March 1, 2035 according to the promissory note.

8. It is unclear whether the Debtor plans to pay the entire secured claim of Deutsche Bank in full through the plan or if the Debtor wishes to cure the arrears and maintain the mortgage payments up to the maturity date.

9. If the Debtor plans to pay the entire allowed secured claim through the plan, the Debtor has failed to provide what the interest rate will be, if different from the contractual rate under the promissory note.

WHEREFORE, Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3 respectfully requests that the court enter an order requiring the Debtor to submit an attachment to his Second Amended Chapter 13 Plan outlining the specific treatment of the movant's claim under the plan.

Respectfully submitted,

Deutsche Bank National Trust Company as Trustee for the Holders of Ixis Real Estate Capital Trust 2005-HE3 Mortgage Pass-Through Certificates, Series 2005-HE3
By its Attorney,

/s/ Kathryn A. Fyans
Kathryn A. Fyans, Esquire
RI # 7360
HARMON LAW OFFICES, P.C.
P.O. Box 610345
Newton Highlands, MA 02461-0345
781-292-3900
617-243-4049 (fax)
ribk@harmonlaw.com

Dated: August 14, 2009

**Within ten (10) days after service as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903, (401) 528-4477. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

IN RE: Juan Pimentel

CHAPTER 13
CASE NO. 08-12960-ANV

CERTIFICATE OF SERVICE

    I, Kathryn A. Fyans, Esquire, state that on August 14, 2009, I electronically filed the foregoing Motion to Clarify with the United States Bankruptcy Court for the District of Rhode Island using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Gary L. Donahue, Esquire Assistant U.S. Trustee
John Boyajian, Esquire, Chapter 13 Trustee
John B. Ennis, Esquire for the Debtor

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

        /s/ Kathryn A. Fyans
        Kathryn A. Fyans, Esquire
        RI# 7360

Juan R. Pimentel
158 Briggs Street
Providence, RI 02905